IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,　　　)　　　Case No. 3:18CR294
　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　　)　　　JUDGE JAMES G. CARR
　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
HARVEY J. BELL,　　　　　　　　　　)　　　PROTECTIVE ORDER
　　　　　　　　　　　　　　　　　　)　　　REGARDING GOVERNMENT'S
　　　　　　　　Defendant.　　　　　)　　　DISCLOSURE OF DISCOVERY


This matter is before the Court upon the application of the United States of America,

pursuant to Criminal Rule of Procedure 16(d)(1), for a Protective Order to restrict the access of

the defendant herein to certain discovery materials.

The Court finds and Orders as follows:

(1) There is reasonable cause to believe, based upon information believed to be reliable,

that the dissemination of certain discovery may jeopardize the safety of witnesses herein and

impede the due administration of justice.

(2) There is reasonable cause to believe that the restriction of certain discovery

information under the terms set forth in this Order will ensure the safety of witnesses, protect the

personal information of individuals involved in the case, preserve the integrity of the discovery

process and serve the ends of justice, while protecting the rights of the defendant herein to

disclosure of evidence under Criminal Rule of Procedure 16(a) and to adequately assist counsel

in the preparation of a defense.

(3) Counsel for the government will clearly identify to defense counsel those discovery

materials that it deems in need of protection. Such materials shall be clearly marked, "Protected

Material." If a compact disc, DVD, hard drive or thumb drive is marked "Protected Material," the term "Protected Material" applies to the entire contents of the compact disc, DVD, hard drive or thumb drive. If discovery is produced on USAfx, and a folder is marked "Protected Material," the term "Protected Material" applies to the entire contents of the folder.

(4) Items marked "Protected Material," which are disclosed to defendant's counsel must be maintained in a secure location. Counsel for the defendant may not photocopy, photograph or make any other facsimile, electronic or otherwise, of the "Protected Material" discovery items. Said copies shall be clearly marked "Protected Material" All counsel may not remove "Protected Material" materials from their respective offices except to review said materials with clients in custody, or for use in court hearings. Counsel must handle said materials in such a manner that no person shall photocopy, photograph or make any other facsimile, electronic or otherwise, of the "Protected Material" discovery or remove "Protected Material" discovery from counsel's office or any other authorized location.

(5) Counsel for the defendant, including representatives, agents and staff of counsel, are prohibited from providing access to "Protected Material" discovery to any other person that is not directly associated with the legal representation of the defendant, except under the terms set forth in the Order.

(6) Counsel for defendant is personally responsible for ensuring that "Protected Material" discovery is not disseminated in a manner in violation of the above procedures.

Violation of any provision in this Protective Order may be punished as Contempt of Court.


/s/ James G. Carr
_____
JAMES G. CARR
UNITED STATES DISTRICT JUDGE